IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| SEDFREY M. LINSANGAN, | ) | CIVIL CASE NO. 19-00145 |
| Plaintiff, | ) | |
| vs. | ) | |
| UNITED STATES OF AMERICA, | ) | **REPORT & RECOMMENDATION** to Deny Motion for Preliminary Injunction |
| Defendant. | ) | |

This matter is before the court on the Plaintiff's Motion for Preliminary Injunction, *see* ECF No. 2, which was automatically referred to the below-signed Magistrate Judge pursuant to General Order re 17-0002. The Plaintiff requests that the court enjoin the United States from enforcing the ban against cockfighting and argues that portions of the Agriculture Improvement Act of 2018 prohibiting cockfighting in Guam and other U.S. territories are unconstitutional.

On December 17, 2019, the court heard argument on the motion. *See* Minutes, ECF No. 14. Having reviewed all pertinent pleadings filed herein and relevant case law, as well as having heard argument from the parties, the court hereby issues this Report and Recommendation to deny the Plaintiff's Motion for Preliminary Injunction.

**BACKGROUND**

At issue before the court is Section 12616 of the Agriculture Improve Act of 2018, signed into law by the President on December 20, 2018. *See* Pub. L. 115-334, 132 Stat. 4490 (2018). Section 12616 amended the Animal Welfare Act, 7 U.S.C. §§ 2131-2159, and essentially prohibits cockfighting in every U.S. jurisdiction, including Guam and the U.S. territories as of December 20, 2019.

The Plaintiff claims that he has been "involve[d] in gamefowl raising and competition for 40 years." Compl. at ¶7, ECF No. 1. He asserts that cockfighting "is not only part of his culture,

custom and tradition but also a hobby, pastime, exercise and sport." *Id.*

The Plaintiff filed his Complaint on November 7, 2019, asserting that passage of the new law "violat[es] the Bill of Rights and Constitutional rights of the People of Guam as contained in . . . [the] Organic Act of Guam." *Id.* at ¶1. The Plaintiff seeks judgment declaring that the ban on gamefowl fighting in Guam is unlawful and unconstitutional and asks the court to enjoin the United States from enforcing said law.

The Plaintiff also filed the instant Motion for Preliminary Injunction on the same day. *See* Pl.'s Mot. Prelim. Inj., ECF No. 2. On November 13, 2019, the Plaintiff filed his "Supporting Arguments for Motion for Preliminary Injunction. *See* ECF No. 7.

On November 29, 2019, the United States filed it's Opposition. *See* ECF No. 10.

On December 12, 2019, the Plaintiff filed a "Relevant Pleading to the Court to Issue Injunction before December 20, 2019." *See* ECF No. 12.

**PRELIMINARY INJUNCTION LEGAL STANDARDS**

The Plaintiff requests that the court issue a preliminary injunction. "A preliminary injunction is an 'extraordinary and drastic remedy' . . . ; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citation omitted). "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. "When the government is a party, these last two factors merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009); *Drakes Bay Oyster Co. V. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

**ANALYSIS**

The court will next address the *Winter* preliminary injunction factors.

1. <u>Likelihood of Success on the Merits</u>

The first *Winter* factor is whether the Plaintiff is likely to succeed on the merits of this case. The Plaintiff argues that he is likely to succeed on the merits of his claims that the enactment of the

new law violates the Organic Act of Guam and the U.S. Constitution. First, the Plaintiff asserts that Section 12616 violates the Organic Act, particularly subsections (e), (n) and (u) of Section 1421b, Title 48 United States Code. Section 1421b is the "Bill of rights" provision of Guam's Organic Act. The specific subsections cited by the Plaintiff provide:

> (e) No person shall be deprived of life, liberty, or property without due process of law.
> . . .
> (n) No discrimination shall be made in Guam against any person on account of race, language, or religion, nor shall the equal protection of the laws be denied.
> . . .
> (u) The following provisions of and amendments to the Constitution of the United States are hereby extended to Guam to the extent that they have not been previously extended to that territory and shall have the same force and effect there as in the United States or in any State of the United States: article I, section 9, clauses 2 and 3; article IV, section 1 and section 2, clause 1; the first to ninth amendments inclusive; the thirteenth amendment; the second sentence of section 1 of the fourteenth amendment; and the fifteenth and nineteenth amendments.

48 U.S.C. § 1421b(e), (n) and (u).

The Plaintiff has failed to show how the passage of Section 12616 deprives him of "life, liberty, or property without due process of law." The Plaintiff has not cited any authority to support his claim that he has a liberty interest in continuing to participate in gamefowl fighting. Additionally, although there are criminal consequences and penalties attached with a violation of the cockfighting ban, an individual so prosecuted will not be denied due process of law since said individual will be afforded all the protections attendant with a criminal trial.

Similarly, the Plaintiff has not shown how Congress's enactment of the cockfighting ban discriminates against him or any person on account of his race, language or religion. If anything, enactment of Section 12616 has the opposite affect since it applies uniformly throughout the 50 states and territories. His mere conclusory assertions that the ban violates subsection 1421b(n) is insufficient to establish a likelihood of success on the merits.

Additionally, the Plaintiff has also not established a violation of subsection 1421b(u) of the Organic Act. At the hearing on this matter, the Plaintiff argued that Section 12616 violates the Ninth Amendment as made applicable to Guam in subsection 1421b(u) of the Organic Act. The court, however, finds no merit in this argument. The Ninth Amendment to the U.S. Constitution provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage

others retained by the people." U.S. Const. amend. IX. This amendment "has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation." *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir.1991). "It is a common error, but an error nonetheless, to talk of 'ninth amendment rights.' The ninth amendment is not a source of rights as such; it is simply a rule about how to read the Constitution." *San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir. 1996) (quotation omitted). Additionally, the Ninth Amendment does not encompass an unenumerated, fundamental, individual right to cockfighting. Despite the Plaintiff's assertion that cockfighting is an "inalienable right," he fails to provide authority to support such a contention.

Furthermore, the Plaintiff argues that Congress violated the Fourteenth Amendment. The provision of said amendment made applicable to Guam under subsection 1421b(u) provides: "No *State* shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; no shall any *State* deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, §1 (emphasis added). The court finds this provision of the Fourteenth Amendment inapplicable here because *Congress* passed the law at issue here, not one of the *states*.

Finally, the Plaintiff asserts that Section 12616 violates several other Constitutional rights. He contends that cockfighting should be considered a fundamental "cultural right." He also argues that enactment of the law violated his procedural due process rights since the people of Guam have no real political representation in the legislative and executive branches of the federal government and thus the proponents of cockfighting, including himself, have had no meaningful opportunity to be heard prior to the enactment of Section 12616.

Similar arguments were raised by the plaintiffs in *Club Gallistico de Puerto Rico Inc. v. United States*, No. CV 19-1481 (GAG), 2019 WL 5566322, at *12 (D.P.R. Oct. 28, 2019), and rejected by the court. With regard to the plaintiffs' assertion that cockfighting be classified as a fundamental "cultural right," Judge Gelpi rightfully stated that "[n]o such right exists in our Federal Constitution and the Supreme Court has consistently rejected any expansion of the Bill of Rights." *Id.* at *11 (citing *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)). He further stated that

"despite the undemocratic predicament existing in the Commonwealth of Puerto Rico, the utter lack of consent of the governed per se does not violate the Constitution." *Id.* at *12 (citing *United States v. Pedro-Vidal*, 371 F. Supp.3d 57, 59 (D.P.R. 2019).

The court finds Judge Gelpi's decision in *Club Gallistico* to be thorough and well-reasoned. The court sympathizes with the argument that the people of Guam have been disenfranchised in their ability to elect federal lawmakers in the executive and legislative branches and to otherwise meaningfully participate through elected officials in the process of enacting federal laws that apply to the island, but the remedy for such disenfranchisement lies within the political, not *judicial*, process. This court is constrained by the Supremacy Clause and other provisions of the Constitution, specifically the Commerce Clause and the Territorial Clause, which give Congress the authority to enact laws such as Section 12616 that apply to all citizens of the U.S. territories. Although the Plaintiff notes that Oklahoma's residents were permitted to decide through the initiative process whether to ban cockfighting in their state, this argument is irrelevant to the fact that Congress has broad legislative authority over the territories. *See Guam v. Guerrero*, 290 F.3d 1210, 1221 (9th Cir. 2002) ("Congress's plenary authority over the territories, probably derived from the Territorial Clause. U.S. Const., art. IV, §3, has long been settled."). The Plaintiff has not presented any authority showing that Congress has exceeded its constitutional bounds in enacting Section 12616. Despite the Plaintiff's arguments, the court finds that the Plaintiff is unlikely to succeed on the merits with respect to the claims in his lawsuit that the cockfighting ban is unconstitutional and inorganic.

When a plaintiff fails to show a likelihood of success on the merits, the court need not consider the remaining three *Winter* factors. *Ass'n des Eleveurs de Canards ef d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013) (quoting *DISH Network Corp. V. F.C.C.*, 653 F.3d 771, 776-77 (9th Cir. 2011)). Although the court has found that the Plaintiff has not satisfied this threshold requirement, the court will nonetheless analyze the remaining three factors.

2.  <u>Irreparable Harm in the Absence of Preliminary Relief</u>

Next, the court considers whether the Plaintiffs will suffer irreparable harm if the court denies preliminary relief.

A plaintiff seeking preliminary injunctive relief must "demonstrate that irreparable injury is

*likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original). The mere possibility of irreparable harm is insufficient. *Id.* (finding the Ninth Circuit's standard of a "possibility" of harm too lenient). "To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

Here, the Plaintiff asserts that he will suffer irreparable harm if a preliminary injunction does not issue. His Motion for Preliminary Injunction describes the injuries as follows:

> Plaintiff and people of Guam engage[d] in this culture . . . will be incurring psychological injuries such as mental anguish, depression adjustment disorder, anxiety, feeling of helplessness, etc. due to the ban that trample[s] our rights. Vendors, cockpit operator, business[men] involve[d] in selling feeds, [and] bet caller[s] will lose their business and jobs.

Pl.'s Mot. Prelim, Inc. at ¶3, ECF No. 2.

While the Plaintiff and cockfighting proponents will certainly be impacted economically by the upcoming ban on the activity, it is well established that mere economic injury does not constitute irreparable harm. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("[T]he temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury. . . . Mere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.") (internal citations omitted); *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir.1991) ("[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award."). Accordingly, as to the second *Winter* factor, the court finds that the Plaintiff has not met his burden of demonstrating that irreparable injury is likely if a preliminary injunction is not issued.

3.  Balance of Equities and Public Interest

Finally, the Plaintiff asserts that the balance of equities and the public interest weigh in their favor. The Plaintiff contends that enforcing the cockfighting ban will "lead to underground

gamefowl fighting resulting [in] loss of revenue" and will "ruin people['s] lives once they are caught because it is a felony and they have to serve time in prison." Pl.'s Mot. Prelim, Inc. at ¶5, ECF No. 2. He also claims that it will be difficult for the government to enforce the ban. *Id.* The Plaintiff also argues that an "[i]njunction will not injure others." *Id.* at ¶6.

The Defendant, on the other hand, asserts that "[t]he need for blood-sport entertainment and income derived from this . . . activity has to be weighed against the desire by Congress to prevent the perpetuation of combat exhibit using live-animals, and . . . the desire to make the prohibition uniformly consistent through the United States and its Territories." Def.'s Opp'n at 5, ECF No. 10. The Defendant also notes that "the government suffers irreparable institutional injury whenever its laws are set aside by a court." *Id.* (citing *Maryland v. King*, 567 U.S. 1301, ____, 133 S. Ct. 1, 3 (2012)). Having considered the parties' arguments, the court finds that the balance of equities and the public interest weighs in the Defendant's favor.

**CONCLUSION**

Based on the above analysis, the court finds that the Plaintiff has failed to demonstrate that he is likely to succeed on the merits of his claims. Additionally, the court finds that the Plaintiff is not likely to suffer irreparable harm if the preliminary injunction is not granted. Furthermore, the court finds that the balance of equities and the public interest weigh in the Defendant's favor. Accordingly, the court recommends the Chief Judge deny the Plaintiff's Motion for Preliminary Injunction.

IT IS SO RECOMMENDED.



/s/ Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge
Dated: Dec 19, 2019

**NOTICE**

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**