# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| SEDFREY M. LINSANGAN (Pro Se),<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL CASE NO. 19-00145<br><br>**ORDER**<br>**Re Objection to U.S. Magistrate Judge's Report and Recommendation on Plaintiff's Motion for Preliminary Injunction** |

Before the court is Plaintiff Sedfrey M. Linsangan's Objection to the U.S. Magistrate Judge's Report and Recommendation on Plaintiff's Motion for Preliminary Injunction. *See* ECF Nos. 2 and 7. After reviewing the parties' briefs and relevant cases and statutes, the court hereby **ADOPTS** the Report and Recommendation and **OVERRULES** Plaintiff's Objection to the Report and Recommendation. Plaintiff's Motion for Preliminary Injunction is hereby **DENIED**.

## I. BACKGROUND

On November 7, 2019, *pro se* Plaintiff Sedfrey M. Linsangan filed a Complaint against Defendant United States of America. *See* Compl., ECF No. 1. Along with the Complaint, Plaintiff also filed a Motion for Preliminary Injunction. *See* Pl.'s Mot., ECF No. 2. Therein, Plaintiff seeks an order from this court, enjoining the United States from enforcing the ban against cockfighting. *Id.* at 2. The law at issue is Section 12616 of the Agriculture Improve Act of 2018, Public Law 115-334, 132 Stat. 4490 (2018), which prohibits cockfighting in all 50

1

states and U.S. territories.

The motion was argued before the U.S. Magistrate Judge on December 17, 2019, ECF No. 14, and the Report and Recommendation was issued on December 19, 2019, ECF No. 15. Plaintiff filed his objections to the Report and Recommendation on December 23, 2019. ECF No. 17. Defendant filed its Response to Plaintiff's Objection on January 2, 2020. ECF No. 22.

**II.    STANDARD OF REVIEW**

When a party files a timely objection to a magistrate judge's report and recommendation, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991); *see also* FED.R.CIV.P. 72(b)(3) (stating "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* FED.R.CIV.P. 72(b)(3) (stating a district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions").

A district court's obligation to make a *de novo* determination of properly contested portions of a magistrate judge's report and recommendation does not require that the judge conduct a *de novo* hearing on the matter. *United States v. Raddatz*, 447 U.S. 667, 676 (1980). Although Plaintiff filed a request for hearing on February 18, 2020, ECF No. 34, the court, in the exercise of its discretion, finds that oral argument is unnecessary.

The court makes a *de novo* review of the Report and Recommendation in which Plaintiff had lodged objections to. Plaintiff raised several issues in his Objection, which this court will address below.

## III. DISCUSSION

### A. Legal Standard on Preliminary Injunction

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, 129-130 (2d ed. 1995)). An injunction may be granted when the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The movant has the burden of proof on each element of the test. *See Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1203 (9th Cir. 1980). When the movant fails to meet the first element, that is, to show the likelihood of success on the merits, the remaining *Winter* factors need not be considered. *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013) (quoting *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776-77 (9th Cir. 2011).

### B. Plaintiff's objections

The court will address the issues raised by Plaintiff in his Objection.[1] By addressing these issues, Plaintiff may find it helpful in understanding why this court is adopting the Report and Recommendation and denying the motion for preliminary injunction.

---

[1] Although the court will address the issues here, the Magistrates Act merely requires the district judge to make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made; it does not require a written explanation of the reasons for rejecting each objection. *MacKenzie v. Calif. AG*, 2016 WL 5339566, *1 (C.D. Cal. Sept. 21, 2016) (citing *U.S. ex rel. Walterspiel v. Bayer AG*, 639 F. App'x 164, 168-69 (4th Cir. 2016)); *Quezada v. McDowell*, 2019 WL 3802190, at *1 (C.D. Cal. Aug. 12, 2019). "This is particularly true where, as here, the objections are plainly unavailing." *Smith v. Calif. Jud. Council*, 2016 WL 6069179, *2 (C.D. Cal. Oct. 17, 2016).

First, Plaintiff objects to the Magistrate Judge's reliance on *Winter v. Natural Resources Defense Council Inc.*, 555 U.S. 7 (2008). Pl.'s Objection at 2-3, ECF No. 17. While Plaintiff is correct that the facts of the instant case and *Winter* are different, Plaintiff is incorrect in his argument that *Winter* is inapplicable in this case. The *Winter* case sets the standard for preliminary injunction. This means that regardless of the facts of the case, the court looks to the *Winter* standard in determining whether a preliminary injunction is warranted.

Second, Plaintiff objects to the Magistrate Judge's reliance on *Nken v. Holder*, 556 U.S. 418 (2009) and *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073 (9th Cir. 2014). Pl.'s Objection at 3, ECF No. 17. Again, while these cases are factually different to the instant case, these cases provide the law or legal concepts on preliminary injunction, much like the *Winter* case.

Third, Plaintiff objects to the Magistrate Judge's Report and Recommendation, because it failed to address the last paragraph of 48 U.S.C. § 1421b. Pl.'s Objection at 3-4, ECF No. 17. That last paragraph states the following: "All laws enacted by Congress with respect to Guam and all laws enacted by the territorial legislature of Guam which are inconsistent with the provisions of this subsection are repealed to the extent of such inconsistency." 48 U.S.C. § 1421b. Plaintiff's reliance on this sentence is misplaced. Section 12616 is not inconsistent with 48 U.S.C. § 1421b, which is also known as the "Bill of Rights" provision of the Organic Act of Guam. Nowhere in this "Bill of Rights" does it preclude Congress from enacting laws that would ban cockfighting. In addition, nowhere in this "Bill of Rights" does it give Plaintiff the right to cockfighting.

Plaintiff relies on 48 U.S.C. § 1422a, in his attempt to argue that Section 12616 is inconsistent with Section 1421b. Pl.'s Objection at 4, ECF No. 17. Section 1422a has two subsections: subsection (a) allows the people of Guam the right of initiative and referendum, and subsection (b) allows the people of Guam, through an election, to remove certain individuals

4

from public office. 48 U.S.C. § 1422a. Plaintiff argues that the people of Guam were not afforded the right of initiative on the issue of whether cockfighting should be banned. Pl.'s Objection at 4, ECF No. 17. Plaintiff's understanding of Section 1422a is misplaced. While Plaintiff is correct in that the people of Guam have the right of initiative and referendum, there is nothing in that section that prevents Congress from doing its job and that is, to legislate. Section 1422a(a) simply gives the people of Guam the *option* to legislate through an election.

Fourth, Plaintiff raises the "Commerce Clause, Section 8, Article I" and the "Territorial Clause Section 3, Article IV." Pl.'s Objection at 5-6, ECF No. 17. Again, Plaintiff relies on Section 1422a for his interpretation of the Commerce Clause and Territorial Clause. *Id.* As discussed above and as Defendant correctly pointed out, these Clauses do not limit Congress' ability to legislate with regard to Guam. Def.'s Response to Pl.'s Objection at 4, ECF No. 22. Congress' authority to legislate is found in Article IV, Section 3 in the U.S. Constitution.

Fifth, Plaintiff objects to the Magistrate Judge's reference to *Club Gallistico de Puerto Rico Inc. v. United States*, 2019 WL 5566322 (D.P.R. Oct. 28, 2019). Pl.'s Objection at 7, ECF No. 17. Specifically, Plaintiff argues that the judge who wrote the decision in that case made "bias [*sic*] remarks." *Id.* The court disagrees with Plaintiff's assessment. The judge's use of a well-known proverb to illustrate an issue at hand or the judge's judicial observation on Section 12616, do not make one biased.

Sixth, Plaintiff raises the "Supremacy Clause Article VI," arguing that the "Constitution, laws and [t]reaties shall be the supreme law of the land" and judges are bound by them. Pl.'s Objection at 8, ECF No. 17. By enacting Section 12616 and skipping the initiative process pursuant to Section 1422a, Plaintiff appears to argue that the Supremacy Clause has been violated. As this court previously discussed above, Plaintiff's understanding of Section 1422a

and its application is misplaced. Section 1422a does not set any limitations on Congress' authority to legislate laws.

Seventh, Plaintiff objects to the Magistrate Judge's finding that the Fourteenth Amendment is not applicable in the instant case. Pl.'s Objection at 8-9, ECF No. 17. Plaintiff relies on 48 U.S.C. § 1421b(u), wherein that subsection adopts the second sentence of section 1 of the fourteenth amendment and makes it applicable to Guam. That second sentence states that "[n]o *state* shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United Sates; nor shall any *state* deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1 (emphasis added).

The Report and Recommendation correctly analyzes the Fourteenth Amendment. Plaintiff goes into a long discussion of the history of cockfighting and how cockfighting is part of the Guam culture. Pl.'s Objection at 9-12, ECF No. 17. But Plaintiff has not explained how the Fourteenth Amendment is applicable in this case. The second sentence of section 1 of the Fourteenth Amendment is directed to the states, limiting state powers and ensuring that no *state* abridges the privileges or immunities of any U.S. citizen; that no *state* deprives any person of life, liberty, or property; and that no *state* denies any person the equal protection of the laws. Section 12616 was passed by the U.S. Congress and thus, the Fourteenth Amendment has no application to this case.

Eighth, Plaintiff raises substantive and procedural due processes in his Objection, arguing that other places such as France regulates cockfighting instead of banning it; and that the people of Oklahoma and Arizona exercised their right of initiative. Pl.'s Objection at 12-13, ECF No. 17. Plaintiff's argument goes back to his reliance on Section 1422a, that the ban on cockfighting

should have been through the initiative process. As discussed above, Plaintiff's understanding of Section 1422a and its application is misplaced.

Ninth, Plaintiff argues in his Objection that "Cockfighting is an Art", it is an "unalienable [*sic*] right", and it is protected under the Ninth Amendment. Pl.'s Objection at 13, ECF No. 17. The Ninth Amendment provides that: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. The Ninth Amendment, though, "has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation." *San Diego Co. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir. 1996) (citation and internal quotation marks omitted). Instead, "it is simply a rule about how to read the Constitution." *Id.* (quoting Laurence H. Tribe, *American Constitution Law*, 776 n.14 (2d ed. 1988)). Accordingly, Plaintiff's argument that cockfighting is an inalienable right under the Ninth Amendment has no merit.

Tenth, Plaintiff raises "Roe v. Wade" and the "Federal Control [*sic*] Substances Act" in his Objection. Pl.'s Objection at 14, ECF No. 17. Plaintiff uses *Roe v. Wade*, 410 U.S. 113 (1973), to support his argument that cockfighting should be regulated and not banned, just like abortion. *Id.* This argument is one of policymaking, and not one for the court to decide. As to Defendant's citation to the Federal Controlled Substances Act, the court does not find any relevancy of this federal law to the issue at hand. At best, this federal law illustrates the U.S. Congress' authority to legislate laws applicable to the U.S. territories and the 50 states.

Eleventh, Plaintiff objects to the Magistrate Judge's discussion contained on page 4, lines 18 through 22. Pl.'s Objection at 15, ECF No. 17. In that paragraph, it states that "[Plaintiff] contends that cockfighting should be considered a fundamental 'cultural right.' He also argues that enactment of the law violated his procedural due process rights since the people of Guam have no real political representation in the legislative and executive branches of the federal

7

government and thus the proponents of cockfighting, including himself, have had no meaningful opportunity to be heard prior to the enactment of Section 12616." R. & R. at 4:18-22, ECF No. 15. Plaintiff argues that he did not make these arguments and the case citation therein is irrelevant because he is "protected by the Organic Act." Pl.'s Objection at 15, ECF No. 17.

As to Plaintiff's eleventh objection, a thorough review of Plaintiff's motion for preliminary injunction shows that Plaintiff appears to make those arguments he now claims to not have made. *See* Pl.s' Mot. at 3-4, ECF No. 2. Further, the Report and Recommendation's discussion of *Club Gallistico de Puerto Rico Inc. v. United States*, 2019 WL 5566322 (D.P.R. Oct. 28, 2019), is on point. In that case, the court made a finding that cockfighting is not a fundamental "cultural right" and "[n]o such right exists in our Federal Constitution and the Supreme Court has consistently rejected any expansion to the Bill of Rights." *Gallistico*, 2019 WL 5566322, at *11. In addition, Plaintiff's due process was not violated when he had no opportunity to participate in Section 12616's enactment, because Plaintiff "does not have a cognizable liberty or property interest deprived by the enactment of Section 12616 amendments." *See id.* at 12.

Twelfth, Plaintiff raises the issue of Defendant's argument that "cockfighting was singled out as a blood sport". Pl.'s Objection at 15, ECF No. 17. Section 12616 bans all live animal fighting. "Animal" is defined as "any live bird, or any live mammal, except man." 7 U.S.C. § 2156(f)(4). As such, the law at issue does not "single out" cockfighting.

Thirteenth and the final objection, Plaintiff raises the issue that the Magistrate Judge did not address, in the "irreparable harm" analysis section, the psychological injuries that Plaintiff mentioned in his motion. Pl.'s Objection at 16, ECF No. 17. Specifically, Plaintiff asserts that "[w]e will be incurring psychological injuries such as mental anguish, depression, adjustment disorder, anxiety, feeling of helplessness, etc. due to the ban that trample our rights." Pl.'s Mot.

at 4, ECF No. 2. These alleged psychological injuries are simply speculations. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988), citing *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984).

### C. Plaintiff is likely not to succeed on the merits.

Plaintiff argues that he has "a substantial likelihood of success" on the merits. Pl.'s Mot. at 2, ECF No. 2. Plaintiff relies on the Fifth,[2] Ninth, and Fourteenth Amendments, as well as Section 1421b of Title 48, United States Code (subsections (e), (n), and (u)).[3] *Id.* Plaintiff also cites to Section 1983 of Title 42, United States Code; and Section 1422a of Title 48, United States Code, to support his motion for preliminary injunction. *Id.* at 3; and Supporting Arg. for Mot. for Preliminary Inj. at 2, ECF No. 7.

The gist of Plaintiff's motion for preliminary injunction is that, (1) cockfighting is part of Guam's cultural history, (2) the people of Guam were not consulted before Section 12616 was passed into law, (3) as a result, Plaintiff has been deprived of his rights and customs, and (4) the passage of Section 12616 was in violation of the Organic Act of Guam and the U.S. Constitution, because it was not enacted through the initiative process pursuant to Section 1422a. Pl.'s Mot. at 2-4, ECF No. 2; and Pl.'s Supporting Arg. for Mot. for Preliminary Inj. at 2, ECF No. 7.

This court has already discussed *supra* why Plaintiff's reliance on certain federal laws and Constitutional amendments fail. To reiterate, Section 12616 is not inconsistent with the

---

[2] Plaintiff cited to the Fifth Amendment and Section 1983 of Title 42, United States Code, in his motion for preliminary injunction. *See* Pl.'s Mot. at 2-4, ECF No. 2. However, Plaintiff seemed to have abandoned these citations as he did not discuss them in his motion (other than citing to them once and without any discussion) or during the motion hearing before the Magistrate Judge on December 17, 2019. In addition, Plaintiff did not object to these citations not being addressed in the Report and Recommendation.

[3] Plaintiff did not object to the Magistrate Judge's findings and conclusions as it pertains to subsections (e) and (n) of Section 1421b, R. & R. at 3, ECF No. 15.

9

Organic Act of Guam and the U.S. Constitution. While Plaintiff seemingly prefers that Section 12616 should have been through the initiative process, nothing in Section 1422a or any other parts of the Organic Act of Guam or the U.S. Constitution prevents Congress from extending the prohibition on animal fighting, including cockfighting, to U.S. territories and throughout the 50 states. Moreover, none of the citations provided by Plaintiff provide constitutional or statutory rights to cockfighting.

Based on the foregoing, Plaintiff has not demonstrated his likelihood of success on the merits of his claim that Section 12616 is unconstitutional or is in violation of the Organic Act of Guam. As such, the court need not discuss the remaining *Winter* factors. *See Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013) (quoting *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776-77 (9th Cir. 2011).

**IV.     CONCLUSION**

Based on the foregoing, the court **ADOPTS** the Report and Recommendation of the Magistrate Judge, ECF No. 15; **OVERRULES** Plaintiff's Objection to the Report and Recommendation; and **DENIES** Plaintiff's motion for preliminary injunction.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
     **Chief Judge**
**Dated: Feb 25, 2020**